IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL E. LEVIN,<br><br>　　　　　　　Defendant. | Case No. 3:23-cv-01025-X |

## JOINT MOTION TO ENTER BIFURCATED JUDGMENT AGAINST DEFENDANT DANIEL E. LEVIN

Plaintiff Securities and Exchange Commission ("Commission") and Defendant Daniel E. Levin ("Levin" or "Defendant") have reached a partial settlement agreement and now jointly seek Court approval of the proposed agreed judgment ("Agreed Judgment"), filed with this motion. If approved, the Agreed Judgment will resolve the non-monetary claims alleged in the Commission's Complaint but leave open for later resolution by motion the monetary relief sought.

### I.  SUMMARY OF THE COMMISSION'S COMPLAINT

The Commission filed its Complaint in this action on May 9, 2023 (Dkt. 1). In its Complaint, the Commission alleged among other things that:

　　1.　　From at least April 2017 through August 2018 (the "relevant period"), Levin sold units of a fund he controlled CRP Automotive Portfolio, LP (the "CRP Fund") to at least 27 investors. Persons engaging in the business of effecting securities transactions for others must be registered. Levin violated this requirement by soliciting over $2.6 million from at least 27 investors from 2017 through 2018, without being registered. This conduct brought Levin within the statutory definition of a broker. As a result, Levin was

required to register with the Commission under Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act").

2.     Despite not having a brokerage license during the relevant period, Levin solicited investors, primarily in Texas, to purchase units of the CRP Fund, which Levin established through another entity he controlled, Comprehensive Retirement Planning, LLC ("CRP LLC").  The CRP Fund then invested investor funds in a separate funds controlled by a New York-based alternative asset management firm, GPB Capital, Inc. ("GPB Capital"). Levin received at least $320,000 in transaction-based compensation, based on this conduct.

3.     By reason of these activities and the conduct further described in the Complaint, Levin has violated and, unless enjoined, will continue to violate of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act").

(Dkt. 1 at para. 1-4)

In terms of remedies, the Commission's Complaint seeks disgorgement, prejudgment interest, a civil penalty, and a permanent injunction against future violations of Section 15(a) of the Exchange Act.

## II.     THE SETTLEMENT AGREEMENT

The Commission and the Defendant, who is *pro se*, have engaged in negotiations that have yielded a partial settlement agreement.  The Defendant has signed a written Consent, attached hereto as **Exhibit A**, which sets forth the terms of the agreement.  Under the terms of the Consent, Defendant agrees to the entry of a proposed judgment, in the form attached hereto as **Exhibit B**, without admitting or denying the allegations in the Commission's Complaint (except as to jurisdiction, which he admits).

The Agreed Judgment:

(a) imposes the full injunctive relief sought by the Commission against Defendant; and

(b) leaves open for later resolution by motion the monetary relief sought.

The Agreed Judgment would resolve all of the Commission's non-monetary claims against the Defendant but leave open for later resolution by motion the monetary relief sought.

### III. BRIEF IN SUPPORT OF MOTION

#### A. Standard of Review

Federal courts greatly favor the "voluntary resolution of litigation through settlement." *Armstrong v. Board of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980) (citations omitted). "The Supreme Court has long endorsed the propriety of the use and entry of consent judgments." *United States v. Wallace*, 893 F. Supp. 627, 630–31 (N.D. Tex. 1995) (citing *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984) (citations omitted)). "Consent decrees provide informal resolution of disputes, thereby lessening the risks and costs of litigation, as well as providing more security to the parties than a settlement agreement where 'the only penalty for failure to abide by the agreement is another suit.'" *Id*.

Consent judgments have "the same force and effect as any other judgment." *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975). They are the product of careful negotiation by opposing parties and embody a considered compromise mindful of the time, expense, and inevitable risk of litigation. *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). And they have the "force of res judicata, protecting the parties from future litigation." *United States v. City of Miami*, 614 F.2d 1322, 1331 (5th Cir. 1980), *on reh'g*, 664 F.2d 435, 439 (5th Cir. 1981).

In reviewing the Agreed Judgment, the Court "need not reach any ultimate conclusions concerning how the case would be decided at trial." *City of Miami*, 614 F.2d at 1331. Rather, the Court is to give the proposed consent judgment a "presumption of validity." *Id*. at 1333. The

Court "need only determine that the proposed settlement is not unconstitutional, unlawful … contrary to public policy, or unreasonable before approval is granted." *Id*.

Finally, when considering the entry of a consent judgment, "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *SEC v. Randolph*, 736 F.2d at 529 (citations omitted); *City of Miami*, 664 F.2d at 440 (noting a presumption of validity for a consent judgment proposed by a private defendant and a government agency).

**B.  The Court Should Approve and Enter the Proposed Agreed Judgment**

The Commission and the Defendant respectfully submit that the Court should approve the Agreed Judgment because it comports with the law, its enforcement mechanism is clear, it reflects resolution of the actual claims alleged in the Complaint, and it is not tainted by collusion or corruption of any kind.  These conclusions are supported by agreement of the parties reflected in the Consent and this joint motion.

**1.  The Agreed Judgment is Constitutional and Lawful.**

The relief contained within the Agreed Judgment comports with the Constitution and relevant statutes.  The Commission's claims arise under a federal securities statute that has endured for more than eight decades, specifically the Exchange Act [15 U.S.C. §§ 78a *et seq*.]. To protect investors and the integrity of the market, this act authorizes the Commission to investigate acts or practices that may constitute violations and to bring civil actions in district court to enjoin such acts and practices.  15 U.S.C. §§ 78u(a)(1) and (d)(1).  The Exchange Act also authorizes the Commission to seek, and courts to impose, money penalties in such civil actions.  15 U.S.C. § 78u(d)(3).

**2.    The Terms of the Agreed Judgment are Clear.**

In reviewing a consent judgment, the Court must evaluate "whether the terms of the decree, including its enforcement mechanism, are clear." *SEC v. Citigroup*, 752 F.3d at 295 (2d Cir. 2014) (citing *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 325 (8th Cir. 1993)) (holding that "[u]nless that mechanism is clearly defined—in terms of who may bring an enforcement action, for what kinds of violations, and so forth—it is impossible to determine" the class member benefits, imposition of federal control over state functions, or potential burden on the federal judiciary that the proposed judgment represents).

The Agreed Judgment in this case clearly establishes the conduct to be enjoined. Defendant has consented to be permanently enjoined from violating the very provision that is alleged to have been violated in the Complaint. The injunctive relief included within the proposed consent decrees matches the relief requested by the Commission in its Complaint.

The Agreed Judgment states that the Court shall retain jurisdiction over the matter, (Agreed Judgment at 1) and for the purposes of enforcing the terms of the judgment generally (*Id*. at 3, V.). The Agreed Judgment also states that the Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act. (*Id*. at 2, II.). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. *Id*.

These terms take into account careful assessment by both parties of the risks likely to be presented in litigation of this matter, the benefits of avoiding those risks, and other considerations. This "balance of advantages and disadvantages" reflects a reasonable resolution of this case. *See SEC v. Clifton*, 700 F.2d 744, 748 (D.C. Cir. 1983) (setting forth many of the factors considered by the parties when settling Commission enforcement actions).

The terms of the Agreed Judgment are clear and enforceable by this Court.

### 3. The Agreed Judgment Resolves the Actual Claims in the Complaint.

The Agreed Judgment resolves all non-monetary claims against the Defendant in the case. The Complaint alleges that Defendant violated the broker-dealer registration provisions of the federal securities laws and requests that the Court enjoin him from future violations of the broker-dealer provisions. This partial judgment puts aside the claims for disgorgement, prejudgment interest, and a civil penalty, to be resolved at a later date upon motion by the Commission (or by settlement of the parties). The Agreed Judgment resolves all of the Commission's non-monetary claims with the entry of an injunction.

Defendant has agreed to this relief without admitting or denying the allegations of the Complaint. (Consent at 1, Agreed Judgment at 1). An admission of liability is not a condition for the approval of a settlement between consenting parties. *SEC v. Citigroup*, 752 F.3d at 293. The parties, therefore, have agreed to resolve all issues regarding liability in the Complaint and the Agreed Judgment accomplishes this joint goal. *Id.* at 295-296 (holding that, absent suspicion of improper collusion, "setting out the colorable claims, supported by factual averments by the [Commission], neither admitted nor denied by the wrongdoer, will suffice to allow the district court to conduct its review" of the consent decree's factual basis).

### 4. The Agreed Judgment is Not Tainted by Collusion or Corruption.

As evidenced by this joint motion and the signature of Defendant on the Consent, this agreed resolution is not the result of collusion or corruption. (Consent at 6; Agreed Judgment at 3). Rather, it is the result of good faith negotiation at arms' length and avoids the time and expense of prolonged litigation and a full-blown jury trial.

### 5. This Resolution is Supported by the Agreement of the Parties and by Public Policy.

This joint motion and the signature of Defendant on the Consent provide such a showing. Further, the Court's acceptance of this settlement and the proposed final judgment are consistent with public policy. "Settlement of lawsuits by agreement has always been favored." *City of Miami*, 614 F.2d at 1334. The Commission need not establish the truth of the complaint's allegations against a settling party as a condition for approval of the consent decree. *Citigroup*, 752 F.3d at 295 (holding that "it is not within the district court's purview to demand cold, hard, solid facts, established either by admission or by trials . . . as to the truth of the allegations in the complaint as a condition for approving a consent decree" (internal quotation omitted)).

Moreover, no third party will be injured by entry of the Agreed Judgment. As the Second Circuit has stated when formulating its standard of review for consent judgments:

> [I]f there are potential plaintiffs with a private right of action, those plaintiffs are free to bring their own actions. If there is no private right of action, then the [Commission] is the entity charged with representing the victims, and is politically liable if it fails to adequately perform its duties.

*Citigroup*, 752 F.3d at 294 (2d Cir. 2014). In *City of Miami*, the Fifth Circuit stated a similar concern for the effect of consent decrees on third-parties, stating that "the court must be satisfied that the effect on them is neither unreasonable nor proscribed." 664 F.2d at 441, 447-48 (upholding most of the negotiated consent judgment and carving out only a specific provision that had been challenged by a third party). In this case, the relief provided in the Agreed Judgment *protects* third parties, by enjoining Defendant from conduct that would harm investors. Further, no third party has challenged any provision in this Agreed Judgment and, regardless, the effect on third parties is neither unreasonable nor proscribed.

## IV.  CONCLUSION

As the parties have shown above, the Agreed Judgment satisfies the standards set forth by the Court.  Therefore, the Court should approve the settlement and enter the proposed consent.

Dated:  May 18, 2023

                                              *s/ Jason J. Rose*
                                              Jason J. Rose
                                              Texas Bar No. 240007946

                                              U.S. Securities and Exchange Commission
                                              Fort Worth Regional Office
                                              801 Cherry Street, Suite 1900
                                              Fort Worth, TX  76102-6882
                                              (817) 978-1408 (jr)
                                              (817) 978-4927 (fax)
                                              RoseJ@sec.gov

                                              David Stoelting*
                                              New York Bar No. 2493179
                                              Lindsay Moilanen*
                                              New York Bar No. 4817292
                                              Shannon Keyes*
                                              Massachusetts Bar No. 651959
                                              U.S. Securities and Exchange Commission
                                              New York Regional Office
                                              100 Pearl Street, Suite 20-100
                                              New York, New York 10004-2616
                                              (212) 336-0174 (Stoelting)
                                              (212) 336-1319 (fax)
                                              StoeltingD@sec.gov
                                              Attorneys for Plaintiff
                                              SECURITIES AND EXCHANGE COMMISSION
                                              *Pending admission *pro hac vice*.


By:   _____
        Daniel E. Levin, *pro se*
        17219 Village Lane
        Dallas, Texas 75248

**Certificate of Service**

I certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the CM/ECF system.

I further certify that on May 18, 2023, I served a true and correct copy of the foregoing document and the notice of electronic filing by mailing a true and correct copy by United States Postal Certified Mail, Return Receipt required to the Defendant Daniel E. Levin, noticed below, who is a non-CM/ECF participant:

>Daniel Levin
>17219 Village Lane
>Dallas, Texas 75248

>*s/ Jason J. Rose*
>Jason J. Rose