UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>DANIEL E. LEVIN,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:23-CV-1025-X |

**FINAL JUDGMENT**

This is an enforcement action from the Securities and Exchange Commission ("SEC") against defendant Daniel E. Levin for being an unregistered securities broker. At the parties' request, the Court bifurcated this proceeding and issued an earlier partial judgment on liability. (Doc. 23). Before the Court now is the remainder of the case—the monetary award. The SEC moved for a final judgment against Levin that would order disgorgement of net profits ($320,000), award prejudgment interest ($65,538.16), and order a civil penalty ($115,231). (Doc. 27). Levin sent an email stating he lacked awareness of his unlawful conduct and the resources to pay monetary relief. But Levin's earlier agreement in the case was that the allegations in the complaint would be deemed true and that he would pay disgorgement, pre-judgment interest, and a civil penalty that the Court would later determine. The Court sees no adequate basis to set aside the parties' prior agreement. As a result, the Court **GRANTS** the SEC's motion and enters this final judgment.

1

## I.  Background

The SEC sued Levin for being an unregistered securities broker for soliciting investments from at least 27 investors in multiple investment vehicles in 2017 and 2018.  Levin was a registered broker from 1980 to 2014.  The SEC alleged that Levin received $320,000 in compensation for his unregistered activity in 2017 and 2018.  The SEC and Levin proposed an earlier partial judgment establishing liability.  Attached to that motion was Levin's sworn declaration that "the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by [Levin] under the Final Judgment or any other judgment . . . is a debt for the violation by [Levin] of the federal securities laws[.]"[1]  The Court entered a partial judgment in accordance with this agreement, setting the issue of the amount of a monetary penalty for a later motion and establishing that Levin "will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint," "may not challenge the validity of the Consent or this Final Judgment," and "the Complaint shall be accepted as and deemed true by the Court."[2]

Undeterred by his prior agreement, when the SEC moved for monetary relief, Levin's email response stated he did not intend to violate securities law and lacks the resources to pay a monetary award.[3]  The SEC's motion is ripe.

## II.  Analysis

---

[1] Doc. 11-1 at 4.

[2] Doc. 23 at 2–3.

[3] Doc. 30-1 at 1–2.

Levin does not contest the amounts of the monetary penalties: $320,000 for disgorgement of net profits, $65,538.16 for prejudgment interest, and a $115,231 civil penalty.

Instead, he claims he lacked intent and money. Levin's opposition fails for several reasons. As to intent, first, Levin previously swore that the allegations in the complaint were true, and those allegations included that he previously was a registered broker and should have registered again when selling securities. His new and unsworn email is insufficient to set aside his affidavit. Second, his claim that he lacked intent lacks evidentiary support or allegations that rise to the level of plausibility.

As to his inability to pay, this argument also fails. First, a lack of funds is not a basis to avoid disgorgement, which prejudgment interest ties to.[4] Second, the defendant's financial condition is one of five factors on the civil penalty.[5] But Levin's

---

[4] *See SEC v. United Energy Partners, Inc.*, 88 F. App'x 744, 746 (5th Cir. 2004) (stating that "inability to pay is irrelevant" as to disgorgement and affirming district court's disgorgement order).

[5] *See SEC v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993) (establishing that defendants in SEC enforcement actions must prove inability to pay by a preponderance of the evidence). *Huffman* discussed proving inability to pay in the context of disgorgement. But the Fifth Circuit later clarified in *United Energy Partners* that inability to pay simply doesn't matter with disgorgement because courts take away the wrong-doer's ill-gotten gains. 88 F. App'x at 746 ("Disgorgement deprives wrongdoers of ill-gotten gains; and a person remains unjustly enriched by what was illegally received, whether he retains the proceeds of his wrongdoing." (cleaned up)).

statement that he has no money has no evidentiary support,[6] and the bank records the SEC attached indicate Levin is drawing money from his IRA.[7]

Having rejected Levin's arguments on intent and ability to pay, the Court concludes the amounts the SEC seeks are proper. As to $320,000 for disgorgement, the SEC "identified 36 checks that Levin wrote to himself from the Veritex account during 2017 and 2018 totaling $320,000," which were "profits causally connected to his sales of securities without a brokerage license or registration" and excluded legitimate business expenses.[8] The $65,538.16 for prejudgment interest is based on the prior partial judgment establishing the rate as the one the Internal Revenue Service sets as the rate for underpayment of federal income tax.[9]

And the $115,231 civil penalty is a second-tier penalty under section 21(d)(3) of the Securities and Exchange Act for a violation involving "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement"— [10]

---

[6] Levin delivered to the Court a box of documents he claims shows that, since 2017, his accounts have had almost a $0 balance. As to the box of documents, litigants must show where in the evidence is a specific factual assertion that supports their position. The box of documents has no authenticating declaration and is not evidence. If it were, the next problem is that Levin fails to show specifically where in the box is evidence supporting his assertions. *See United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) ("Judges are not like pigs, hunting for truffles buried in the record." (cleaned up)). And third, as explained below, Levin's inability to pay is one of five factors regarding the civil penalty and is not a factor on disgorgement.

[7] Doc. 31 at 6–7.

[8] Doc. 27 at 16.

[9] *Id.* at 17.

[10] 15 U.S.C. § 78u(d)(3)(B)(ii).

4

which is capped at $115,231.[11]  Courts in this district evaluate five factors when imposing a civil penalty:

> (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.[12]

Here, Levin's disregard of the requirement to register, following prior disciplinary actions against him, was at least reckless—which supports a second-tier penalty.  And regarding the five factors, Levin's conduct was egregious because he had been a registered securities broker and had faced discipline while registered (the first and second factors).  Third, there is a serious risk of substantial loss to investors when an unregistered broker sells securities.  Fourth, the prior disciplinary proceedings, coupled with the unregistered sale of securities in 2017 and 2018 indicate recurrent conduct.  And fifth, Levin claims he is unable to pay a fine.  But the capped second-tier fine amounts to less than half of his ill-gotten gain (compared to fines that double the intended loss amount in criminal cases).  Such a fine is necessary to account for specific and general deterrence.[13]

---

[11] *See* 89 Fed. Reg. 1970–72 (effective Jan. 15, 2024); *see also* Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission, (as of Jan. 15, 2024), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.

[12] *SEC v. Gordon*, No. 3:21-CV-1642-B, 2021 WL 5086556, at *11 (N.D. Tex. Nov. 1, 2021) (Boyle, J.) (cleaned up).

[13] The Eleventh Circuit has explained that "nothing in the securities laws expressly prohibits a court from imposing penalties or disgorgement liability in excess of a violator's ability to pay." *SEC v. Warren*, 534 F.3d 1368, 1370 (11th Cir. 2008).

### III. Final Judgment

**A.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a), by acting as a broker within the meaning of Section 3(a)(4) of the Exchange Act, 15 U.S.C. § 78c(4), and making use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered with the Commission in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $320,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $65,538.16.

## C.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant will pay a civil penalty in the amount of $115,231 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] to the Securities and Exchange Commission.

Defendant shall satisfy the obligation to pay disgorgement, prejudgment interest thereon, and a civil penalty by paying $500,769.16 to the Securities and Exchange Commission below within 30 days of the entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Daniel Levin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

7

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory

8

damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**D.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**E.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**F.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED** this 29th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE